## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

Kirsten Terk Belt and
Kimberly Terk Murphy,

        Plaintiffs,

vs.                             Civ. No. 74-00387 MCA/ACT

JAMES S. LANE, JR., individually
and as Director of the Department of Game
and Fish, State of New Mexico, *et. al.*,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This case is before the Court upon Defendants' *Second Motion for Relief from Judgment* [Doc. 83].   The Court has considered the written submissions of the parties, the briefs of amici, and the applicable law, and is otherwise fully advised.

In 1974, Plaintiff David D. Terk, since deceased, filed an action against Defendants seeking declaratory and injunctive relief. Plaintiff challenged New Mexico law (1) imposing higher fees upon nonresidents seeking hunting licenses and (2) allocating to residents versus nonresidents a disproportionately larger

number of hunting licenses for certain trophy species.   A three-judge panel upheld the fee differential, but struck down the preferential allocation for residents, enjoining Defendants "from enforcing any statute, regulation, policy, practice, custom or usage which unequally allocates available licenses for the game species of Rocky Mountain and Desert Bighorn Sheep, Oryx and Ibex between residents and non-residents of the State of New Mexico solely on the basis of residency" [Doc. 73].

Plaintiff appealed the adverse ruling upholding the fee differential.   The Supreme Court affirmed, *Terk v. Gordon*, 436 U.S. 850(1978), relying on the Supreme Court's then recent decision in, *Baldwin v. Montana Fish and Game Comm'n*, 436 U.S. 371 (1978).

Defendants did not appeal the ruling on the allocation issue.

In 1997, Defendants unsuccessfully sought relief from the Judgment and Order.

There have been three crucial developments in the applicable law since this case was decided in August 1977.   First, there was the decision of the United States Supreme Court in *Baldwin*, which established that recreational hunting is not a privilege for purposes of the Privileges and Immunities Clause, Const., art. 4, § 2, cl. 1.   Second, in May 2005, President George W. Bush signed into law the

Reaffirmation of State Regulation of Resident and Nonresident Hunting and Fishing Act of 2005, P.L. 109-13, Div. A. Title VI, § 6036, 119 Stat. 289 ("the Reaffirmation Act"), whereby Congress "unmistakably foreclosed dormant Commerce Clause petitions challenging state hunting and fishing statue that treat nonresidents differently than residents." [1]   *Schutz v. Thorne*, 415 F.3d 1128, 1138 (10th Cir. 2005).    Third, in *Schutz*, our Court of Appeals rejected an equal protection challenge to a Wyoming law not materially different in effect to the New Mexico regulation at issue in this case, observing   that "[r]esidential preferences are commonly considered a benefit of state citizenship for finite resources such as wildlife. . . . While the reasons for preferences are varied—and context specific—it is not irrational to provide them." *Schutz*, 415 F.3d at 1136.   Thus, as the law now stands, neither the Privileges and Immunities Clause, the negative aspect of the Commerce Clause, nor the Equal Protection Clause prevents the State of New Mexico from preferring residents in allocating recreational hunting licenses for trophy game.

Having concluded that New Mexico's preference in the allocation of licenses to hunt bighorn sheep, ibex, and oryx is lawful under current federal law, the Court must decide whether Defendants are entitled to relief from the 1977 Judgment.   Fed.

---

[1]The Ninth Circuit Court of Appeals' decision in *Conservation Force, Inc. v. Manning*, 301 F.3d 985 (9th Cir. 2002), had called into question the constitutionality under the dormant Commerce Clause of preferences for resident hunters.

Civ. P. Rule 60(b)(5) authorizes a court, "on motion and just terms," to relieve a party from a final judgment where "applying it prospectively is no longer equitable." "The party seeking [Rule 60(b)(5)] relief bears the burden of establishing that changed circumstances warrant relief, but once a party carries this burden, a court abuses its discretion 'when it refuses to modify an injunction . . . in light of such changes.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Agostini v. Felton*, 521 U.S. 203, 215 (1997)).

The Court begins its analysis by noting that this case was not resolved by a consent decree.   Thus, dissolving the injunction entered in this case will not deprive Plaintiffs[2] of the benefit a remedy for which Plaintiff bargained and to which Defendants voluntarily assented.   *See generally 12 Moore's Federal Practice* § 60.22[4] (2013) (noting that Rule 60(b) motions seeking relief from consent decrees are disfavored).

The injunction entered by the Court prohibits State officials from carrying out State law, thereby presenting some of the concerns of an "institutional reform injunction."   *Horne*, 557 U.S. at 447-48.   Defendants' predecessors made the decision not to appeal from the 1977 Judgment and Order for reasons that are not revealed by the record and are not otherwise apparent to the Court.   The result is an

---

[2]By Order of the Court, David Terk's daughters, Kristin Terk Belt and Kimberly Terk Murphy, have been substituted as Plaintiffs.

4

injunction that continues to "bind state . . . officials to the policy preferences of their predecessors," depriving the current responsible State officials of "their designated legislative and executive powers.'" [3] *Id.* at 449 (quoting *Frew v. Hawkins*, 540 U.S. 431, 441 (2004)).

"[F]ederal Court decrees exceed appropriate limits if they are aimed at eliminating a condition that does not violate [federal law] or does not flow from such a violation."  *Horne*, 557 U.S. at 450 (quoting *Milliken v. Bradley*, 433 U.S. 267, 282 (1977) (quotation marks omitted.   As explained above, there is no established basis in current federal law for enjoining the State of New Mexico from applying the preference for resident hunters provided by State law.

Fed. Civ. P. Rule 60(c)(1) requires that a Rule 60(b)(5) motion for relief from a judgment, be brought within a "reasonable time."   It was not until July 11, 2005, the date that the Court of Appeals decided *Schutz*, that it became absolutely clear that New Mexico's preference was constitutional. The instant Rule 60(b) motion was filed in May 2013, a little less than eight years later, and approximately a year-and-a-half into the administration of Governor Susana Martinez.   Subjecting a motion for relief from an institutional injunction to a strict time limit "would run counter to the policies underlying *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367 (1992)

---

[3]The preference for resident hunters is now mandated by statute.   NMSA 1978, § 17-3-16 (2011). Thus, in addition to tying the hands of the original administrator Defendants, the injunction entered by the Court frustrates the will of the New Mexico Legislature.

and *Horne*.   *Salazar v. District of Columbia*, 633 F.3d 1110, 1117 (D.C. Cir. 2011).
While the movant's diligence in seeking relief is relevant, the Court views the
absence of prejudice to Plaintiffs, the nonmovants, as the more weighty
consideration.   Plaintiffs have not shown how they have been prejudiced as the
result of delay.   *See Salazar*, 633 F.3d at 1118-19 (noting importance of prejudice to
opposing party in interpreting "reasonable time" requirement of Rule 60(c)(1)).
Indeed, any delay has worked to Plaintiffs' advantage by allowing Plaintiffs and
other nonresident hunters the continued benefit of an injunction to which they are not
entitled by federal law. In the absence of prejudice to Plaintiffs, and in view of their
clear lack of entitlement to an injunction under current federal law, the mere passage
of time should not be grounds for denying relief.   *See Doe v. Briley*, 562 F.3d 777,
781 (6th Cir. 2009) ("[A] refusal on our part even to consider the merits of
Defendants' Rule 60(b) motions, solely on the ground that the motions could have
been brought sooner, would effectively 'bind all future officers of the
State'—including not least the [Legislature]—to the decree's proscriptions.   And
that as the district court aptly observed, 'would be a perverse and undemocratic state
of affairs.'") (citations omitted).   The Court finds that the instant motion has been
brought within a reasonable time, given the circumstances of this case.

    Defendants have established that prospective enforcement of the Judgment

6

and Order of the Court is no longer equitable and that their motion for relief is timely.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' *Second Motion for Relief from Judgment* [Doc. 83] is **granted** and that the Court's October 28, 1977 Judgment and Order Doc. 73] is **vacated**.

**So ordered this 24th day of March, 2014.**

_____

M. CHRISTINA ARMIJO
Chief United States District Judge

7